**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LADONNA KAY PAYNE,

        Petitioner-Appellant,

v.

JAMES SAFFLE, Warden; HOWARD
RAY, Deputy Warden,

        Respondents-Appellees.

No. 01-7089

(D. C. No. 00-CV-628-S)

(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a pro se § 2254 prisoner appeal. The underlying petition for habeas

corpus was dismissed by the trial court as untimely. The district court denied

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant's motion for a certificate of appealability. This motion has been renewed to this court.

Ms. Payne's petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). Ms. Payne argues that the limitations period should be equitably tolled because she relied on her attorney to meet filing deadlines. Additionally, Ms. Payne asserts that tolling of the AEDPA limitations period is appropriate since she is actually innocent of the charge of Murder in the First Degree because someone else actually committed the crime. The trial court held that equitable tolling is not justified by "[m]ere attorney negligence." Opinion at 3 (quoting Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000). The trial court also held that since Ms. Payne has not accompanied her habeas petition with new reliable evidence of her innocence, circumstances did not warrant a tolling of the statute. We can add nothing to the district court's well-reasoned opinion.

Nothing in the facts, the record on appeal, or Appellant's brief raises an issue which meets our standards for the grant of a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 474 (2000). She has not made a substantial showing of a denial of a federal right nor has she raised any arguments which require further proceedings or that are debatable among jurists of reason. See id.

We DENY Ms. Payne's request for a certificate of appealability and DISMISS the appeal. The motion to proceed in forma pauperis is DENIED as moot.

Entered for the Court


Monroe G. McKay
Circuit Judge